# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRENCE WAYNE PADGETT,**

**Plaintiff,**

**v.**                                                    Case No:  6:17-cv-1198-Orl-DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

### MEMORANDUM OF DECISION

Terrence Wayne Padgett (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits.  Doc. 1.  Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) determining that Claimant could perform his past relevant work; 2) determining Claimant's statements concerning his pain and limitations were "not entirely credible"; and 3) failing to properly consider an answer given by the vocational expert (VE) to a hypothetical question posed by the ALJ.  Doc. 28 at 10; 15; 19.  Claimant requests that the case be reversed and remanded for further proceedings.  *Id*. at 21.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I.      PROCEDURAL HISTORY.

This case stems from Claimant's Title II application for a period of disability and disability insurance benefits.  Doc. 28 at 1.  Claimant alleged a disability onset date of July 2, 2012.  *Id*. at 3.  Claimant's application was denied on initial review, and on reconsideration.  *Id*. at 1.  The matter then proceeded before the ALJ.  On February 8, 2016, the ALJ held a telephonic hearing at which Claimant and his non-attorney representative appeared; the hearing was conducted via

telephone because Claimant was incarcerated at the time. *Id.* The ALJ entered the decision on

March 2, 2016, and the Appeals Council denied review on December 21, 2016. *Id.*

## II.    THE ALJ'S DECISION.

In the decision, the ALJ found that Claimant has the following severe impairments:

diabetes mellitus, obesity, depressive disorder, anxiety disorder, post-traumatic stress disorder, and

alcohol induced neurocognitive disorder. R. 35. The ALJ also found that Claimant has the

following non-severe impairments: back pain and bilateral carpal tunnel syndrome. *Id.*

The ALJ found that Claimant does not have an impairment or combination of impairments

that meets or medically equals any listed impairment. R. 36-37.

The ALJ found that Claimant has the RFC to perform light work as defined in 20 C.F.R. §

404.1567(b)[1] with the following specific limitations:

> the noise level should be 3 or moderate; no concentrated exposure
> to vibrations; limited to simple tasks, with little variation that take a
> short period of time to learn (up to and including 30 days); and able
> to deal with changes in a routine setting.

R. 37. The ALJ found that Claimant was capable of performing his past relevant work as a

housekeeper, as generally performed. R. 41. Thus, the ALJ found that Claimant was not disabled

between his alleged onset date (July 2, 2012) and the date last insured (June 30, 2014). *Id.*

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

III.    **STANDARD OF REVIEW.**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.    **ANALYSIS.**

   **1.  The ALJ's Decision Concerning the RFC and Past Relevant Work**

Claimant's first assignment of error is a vague allegation that the ALJ erred in determining that Claimant could perform his past relevant work. Doc. 28 at 10-12. In particular, Claimant makes assertions that the ALJ "cherry-picked" evidence and disregarded a particular MRI. *Id.* But Claimant provides almost no legal authority supporting the requested relief and leaves the Court to speculate as to the particular nature of the alleged error and the legal basis for Claimant's sought-after reversal. *Id.* Nevertheless, the Court will attempt to construe and appropriately consider the argument and, like the Commissioner, will address the first assignment of error as a

challenge to the ALJ's step-four determination concerning the RFC and the ability of Claimant to perform past relevant work.

The ALJ assesses a claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citation omitted). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). A claimant is not disabled if the claimant can return to the claimant's past relevant work. *Id*. at § 404.1520(a)(4)(iv). To qualify as past relevant work, the work must have been done: 1) within the last fifteen (15) years; 2) long enough for the claimant to learn to do it; and 3) at a level constituting substantial gainful activity. *Id*. at § 404.1565(a),. The ALJ may consider the testimony of a VE in determining whether the claimant can perform his past relevant work, *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005), and other jobs in the national economy, *Phillips*, 357 F.3d at 1240. In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which is accurate and includes all of a claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ, however, is not required to include each and every symptom of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical findings that the ALJ properly rejected as unsupported,

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004), in the hypothetical

question. "The burden is on the claimant to show that she can no longer perform her past relevant

work as she actually performed it, or as it is performed in the general economy." *Waldrop v.*

*Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen,* 801 F.2d

1291, 1293–94 (11th Cir.1986)).

Here, substantial evidence supports the ALJ's RFC determination and, in turn, his decision

that Claimant could perform his past relevant work, which was not precluded by the limitations

contained within the RFC. The ALJ based his determination, in significant part, upon the medical

opinion evidence from the Veteran's Affairs Medical Center (VAMC), Dr. Alan Barber, and the

state agency medical consultants. R. 39-40. In particular, the ALJ: (1) gave great weight to the

VAMC opinion that Claimant's back issues did not impact his ability to work (R. 40, 2090); (2)

gave significant weight to the opinions and findings of consultative examiner Dr. Barber, who

opined that, in sum, Claimant could work a full day with limitations that were consistent with the

RFC (R. 40, 523-31); and (3) considered the opinions of state agency consultants and found that

Claimant's mental limitations did not support a finding of disability (R. 40, 96). Claimant failed

to challenge any of the ALJ's determinations in relation to the foregoing medical evidence. Those

uncontested records provide substantial evidence supporting the ALJ's RFC determination and, in

combination with the VE's testimony, provide substantial support for the ALJ's determination that

Claimant could perform his past relevant work. Further, although Claimant asserts that the ALJ

"cherry-picked" certain evidence and did not explicitly mention an MRI, the ALJ need not discuss

in his decision each and every piece of medical evidence contained within a particular physician's

treatment notes. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid

requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as

the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'"). In this case, it is clear from the ALJ's decision that he considered Claimant's condition as a whole.

In addition, Claimant identifies certain portions of the record that he contends do not support the ALJ's RFC determination, but Claimant does not make the argument that the ALJ failed to consider that evidence. Instead, it appears that Claimant is trying to argue that the ALJ's decision was not supported by substantial evidence because the facts cited by Claimant arguably support Claimant's position. That argument is without merit. The standard is not whether there is some evidence to support Claimant's position, but whether there is substantial evidence to support the ALJ's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.") (citation omitted). As previously discussed, substantial evidence supports the ALJ's decision. Further, Claimant has identified nothing in the records that demonstrates that Claimant's impairments caused functional limitations greater than those contained in the ALJ's RFC determination. Thus, the undersigned finds that any error the ALJ may have committed by not affording more weight to the facts cited by Claimant was harmless. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam).

Finally, to the extent Claimant has made any other argument in this section of his brief, it is perfunctory and deemed waived. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was

arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Therefore, in light of the foregoing, the Court rejects Claimant's first assignment of error.

## 2. Credibility

Claimant's second assignment of error is that the ALJ's decision to discount Claimant's statements concerning the intensity of his pain is not supported by substantial evidence. Doc. 28 at 15-16. The Commissioner argues that the ALJ provided specific reasons in support of the credibility determination, and that the credibility determination is supported by substantial evidence. *Id*. at 16-19.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d 1210. A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

Here, the ALJ summarized Claimant's statements as follows:

The claimant's testimony during the February 8, 2016 hearing mainly related to his current functioning and experience in prison, not his functioning prior to June 30, 2014 the date last insured. It is, therefore, largely irrelevant to whether the claimant was disabled on or before June 30, 2014.

Nevertheless at the hearing, the claimant indicated he could no longer perform the hard labor work he used to like breaking concrete because of his back. Prior to going to jail during a typical day, he would clean the house but it hurt his back. Similarly, the claimant liked to clean fish, but he would have to sit down to perform the activity because of back pain. He could push a shopping cart at the grocery store but depending on the amount of food he bought, it was hard to load the trunk. He could drive but sitting in the car a long time would hurt his back. Concerning his hands, he stated he had wrist braces for a few years. The claimant also indicated he experienced PTSD from his time in the army that made it difficult for him to sleep and that his dementia caused him to have difficulty remembering things.

More instructive of the claimant's alleged limitations prior to June 30, 2014, is the function report the claimant completed January 27, 2013. In that report the claimant indicated he suffered daily back pain which prevented him from doing the things he used to do to earn a living. The claimant alleged difficulties lifting, squatting, bending, standing, reaching, walking, sitting, and kneeling. The claimant also indicated problems with memory, concentration, understanding and getting along

with others. The claimant indicated that his back made it hard to bend over to put on his shoes. The claimant prepared his own food as he is a diabetic and performed household cleaning. He would drive daily and shop for food about once per week. The claimant watched television and would detail his car, although he stated that it takes longer to detail the car because of his back. Socially, he would talk on the phone and go to church sometimes. He had to read over written instructions several times to understand them and ask people to repeat instructions (Exhibit l 5E ).

R. 38.[2]

The ALJ then found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms: however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 38. Following that, the ALJ stated that "[t]he evidence of record through the date last insured does not reveal significant functional limitations that support the alleged disability," and proceeded to discuss the medical evidence of record in chronological order. R. 39-40. In discussing that evidence, the ALJ considered the objective medical evidence of record and concluded that, "[i]n sum, the record through the date last insured reveals impairments but not to the extent alleged." R. 40. Then, the ALJ explained that:

> The claimant's alleged limitations are also contradicted by reports in the record. Despite alleging significant limitations due to back pain, the claimant was able to perform yard work and work on cars. The claimant was also quite active in walking

---

[2] Claimant does not challenge the ALJ's determination that his testimony at the hearing was "largely irrelevant," assert that the ALJ improperly summarized that testimony, or claim that the ALJ failed to consider any of Claimant's statements. Thus, any such argument is waived. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

30 to 60 minutes per day. Further, the claimant was not forthright with his providers as he initially denied seeing a non-VA provider in an effort to get opioid medications. These factors harm the claimant's credibility and his allegations of an inability to work prior. In sum, the claimant's allegations are not consistent with the medical evidence, objective findings, the course and effectiveness of treatment, the claimant's reports to providers and the overall evidence.

R. 40. Thus, the ALJ found that Claimant's allegations concerning the limiting effects of his impairments were "not entirely credible" because those alleged limitations were not supported by the objective medical evidence and Claimant's own reports to medical providers. *Id.* The ALJ then considered and weighed the medical opinions, as already discussed herein.

Claimant does not challenge the reasons articulated in support of the ALJ's credibility determination, and, thus, waived any argument that the reasons provided by the ALJ were not supported by substantial evidence. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Instead, Claimant simply argues that other evidence supports Claimant's statements concerning the intensity of his pain. Doc. 28 at 15-16. But the issue before the Court is not whether there is evidence to support the Claimant's testimony, but whether there is substantial evidence to support the ALJ's credibility determination. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence."). Therefore, Claimant's argument is without merit. Further, even if Claimant had not waived the argument that the ALJ's reasons are not supported by substantial evidence, the Court finds that the reasons articulated by the ALJ in support of his credibility determination are supported by substantial evidence, including the medical evidence of record concerning the severity of Claimant's impairments and Claimant's statements concerning his daily activities. This evidence is, as the ALJ found, inconsistent with Claimant's testimony concerning his limitations. Thus, the undersigned finds that the ALJ articulated good cause in finding

Claimant's testimony "not entirely credible" and that the ALJ's reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 156162 (reviewing court will not disturb credibility finding with sufficient evidentiary support). Finally, to the extent Claimant has made any other argument in this section of his brief, it is perfunctory and deemed waived. *See, e.g.*, Jacobus, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).

Therefore, the Court rejects Claimant's second assignment of error challenging the ALJ's credibility determination.

### 3. Hypothetical to VE.

Claimant's third assignment of error is that the ALJ's decision concerning Claimant's ability to perform his past relevant work is not supported by substantial evidence because the ALJ erred by failing to consider the VE's answer to the *second* question posed by the ALJ. Doc. 28 at 19-20. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and that the *first* question the ALJ posed to the VE properly accounted for the RFC as determined by the ALJ, a fact that Claimant does not challenge. *Id*. at 21.

The ALJ may consider the testimony of a VE in determining whether the claimant can perform past relevant work, *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005), and other jobs in the national economy, *Phillips*, 357 F.3d at 1240. The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc.*

*Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, the ALJ posed a hypothetical question to the VE that was consistent with the RFC determination. R. 78. The VE, based on the ALJ's hypothetical, found that Claimant could perform his past relevant work. *Id.* The ALJ relied on the VE's testimony in determining that Claimant could perform his past relevant work. R. 41. Claimant does not challenge this determination. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

The ALJ then asked a second question related to absenteeism that included limitations not contained within the RFC. R. 79. To that second question with the increased limitations not contained within the RFC, the VE responded that Claimant could not perform his past relevant work. R. 79. Claimant now argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to rely upon the VE's answer to this second question in determining whether Claimant could perform his past relevant work. Doc. 28 at 19-20. But Claimant cites no legal authority for the proposition that the ALJ must give controlling weight or otherwise rely upon a VE's answer to a hypothetical question that contains limitations in excess of the RFC in determining whether a claimant could perform past relevant work. *See id.* And, again, Claimant does not challenge the propriety of the first hypothetical question or the ALJ's reliance on the VE's answer to that question. Regardless, the RFC is supported by substantial evidence, the question to the VE appropriately articulated the limitations within that RFC, and the VE answered that Claimant could perform his past relevant work. Thus, the Court finds no basis for error. And once

again, because the nature of Claimant's briefing is such that the Court has struggled to determine Claimant's actual arguments, to the extent Claimant has made any other argument in this section of his brief, it is perfunctory and deemed waived. *See, e.g.*, Jacobus, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Therefore, the Court rejects Claimant's third assignment of error.

## V.     CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.     The final decision of the Commissioner is **AFFIRMED**; and

2.     The Clerk is directed to enter judgment for the Commissioner and against

Claimant, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Xing Trl.
Jacksonville, FL 32256-1224